Filed 12/14/20  P. v. Solomon CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>MONETTE SHASHONEE SOLOMON,<br><br>     Defendant and Appellant. | B305971<br><br>(Los Angeles County Super. Ct. No. MA003548) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Hizami, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant and appellant Monette Shashonee Solomon appeals the trial court's order denying his petition for a determination of factual innocence and request to seal and destroy arrest records, pursuant Penal Code section 851.8.[1]

On April 2, 1992, Solomon was charged with offenses allegedly committed in 1991, including: forcible rape of P.A. (§ 261, subd. (a)(2) [count 1]), anal or genital penetration by foreign object of P.A. (§ 289 [count 2]), attempted kidnapping for sexual purposes of R.M. (§§ 208, subd. (d), 664 [count 3]), and assault with intent to commit rape of R.M. (§ 220 [count 4]). The information alleged that Solomon inflicted great bodily injury on the victim in counts 1 and 2 (§ 12022.8), and that he used a deadly weapon in the commission of counts 3 and 4 (§ 12022.3, subd. (a)). The information further alleged that Solomon suffered a prior serious felony conviction within the meaning of section 667, subdivision (a), and served a prior prison term for a felony within the meaning of section 667.5, subdivision (b), as to all four counts. On July 13, 1992, the trial court dismissed the case pursuant to section 1385.

On December 26, 2019, Solomon petitioned under section 851.8 for a determination of factual innocence with respect to the alleged offenses set forth in the April 2, 1991 information, and requested that the related arrest records be

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

sealed and destroyed.[2]  The trial court summarily denied the petition in an order dated March 9, 2020.

Solomon appealed the trial court's order on April 10, 2020.  We appointed counsel on appeal.  On September 15, 2020, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues but asking this court to independently review the record for error.

We advised Solomon on September 16, 2020, of his right to file a brief or letter containing any issues he wished this court to consider.  Solomon filed a supplemental brief on September 17, 2020.  In his brief, Solomon conceded that there is a two-year deadline for filing for relief under section 851.8.  Section 851.8, subdivision (l) provides:  "For arrests occurring on or after January 1, 1981, and for accusatory pleadings filed on or after January 1, 1981, petitions for relief under this section may be filed up to two years from the date of the arrest or filing of the accusatory pleading, whichever is later."  Solomon argued, however, that relief should be granted because he is a layperson with no knowledge of the law and had not petitioned under section 851.8 until he learned that he would be eligible for family visitation while incarcerated if a petition establishing his factual innocence pursuant to that section was granted.

---

[2] Solomon noted in his petition that he is currently serving an indeterminate life-sentence in state prison, with the possibility of parole, for a conviction in an unrelated crime.

We have examined the entire record and find no arguable issues on appeal.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende, supra*, 25 Cal.3d at p. 441.)

The trial court's order is affirmed.


MOOR, J.


We concur:



RUBIN, P. J.



KIM, J.